The **INDEPENDENT–EASTERN TOR-
PEDO COMPANY**, Appellant,

v.

**C. N. CANNON et al., Appellees.**

**No. 15215.**

United States Court of Appeals,
Fifth Circuit.

April 12, 1955.

Rehearing Denied May 19, 1955.

G. C. Spillers, Jr., G. C. Spillers, Tulsa, Okl., A. J. Smith, Jr., Anson, Tex., for appellant.

Stanley P. Wilson, McMahon, Springer, Smart & Walter, Abilene, Tex., for appellees.

Before HOLMES and RIVES, Circuit Judges, and THOMAS, District Judge.

HOLMES, Circuit Judge.

No federal question is involved in this case. The cause of action arose in Texas and is governed by the laws of Texas. The suit was filed by appellees, citizens of Texas, in the district court of Jones County, Texas, against appellant, a corporation organized under the laws of Ohio, with a permit to do business in Texas. The amount sued for was $3,064.36. On the petition of appellant, the action was removed to the court below wherein, after a trial upon the merits, judgment was rendered for the appellees

in the sum of $1544, with 6% interest from date thereof, and costs.

No novel or important legal question is involved in this appeal, the issue being whether there is substantial evidence in the record to support the findings of fact by the trial court, a jury having been waived. It is undisputed that appellees retained appellant to shoot an oil well for them, and requested it to notify another independent contractor to send a truck to cal-seal the well after it was ready for shooting. Cal-seal is a formula for a quick-drying cement, which is used to tamp a well after an explosive has been inserted, and mechanism set to induce the explosion. The purpose of shooting a well is to increase production. Some wells are shot without any tamping, and in many cases gravel and water are used for that purpose.

The appellees contend that appellant, having assumed the duty of producing said cal-seal truck as a part of its contract, was negligent and breached its contract in failing to perform said duty as it agreed to do, which was the proximate cause of the damages sustained by them. The court below so found, and further found that the appellant's agent was negligent in placing the shot of nitroglycerin in the well, while misleading the appellees into believing that the cal-seal truck would arrive in ample time to tamp said shot. The court also found that the appellant was negligent in refusing to set the time bomb for eleven hours, after having been requested to do so by appellees, and before the cal-seal truck had arrived at the scene of the lease. The appellant was also found by the court to have violated other terms of its contract.

There is sufficient evidence in the record to support these findings and, under Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., we are not permitted to set aside the findings, since they are not clearly erroneous. Accordingly, the judgment appealed from should be affirmed, and it is so ordered.

Affirmed.